24-6572-431
CAUSE NO. _____

| | | |
|---|---|---|
| NATOKA CASEY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS LLC. | § | |
| dba WALMART SUPERCENTER #217 | § | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff **NATOKA CASEY** files this original petition against Defendant **WAL-MART STORES TEXAS LLC. dba WALMART SUPERCENTER #217**, hereinafter referred to as Defendant, and alleges as follows:

### A. DISCOVERY-CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3 because Plaintiff seeks monetary relief of more than $250,000 but less than $1,000,000.00.

### B. CLAIM FOR RELIEF UNDER RULE 47 T.R.C.P.

2. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states the following:

   a. This cause of action arises out of a claim for negligence involving a premises accident;
   b. Damages sought are within the jurisdictional limits of the court;
   c. Plaintiff seeks only monetary relief of more than $250,000.00 but less than $1,000,000.00; and
   d. A demand for judgment for all the other relief to which the party deems himself and/or herself entitled.

### C. PARTIES AND SERVICE

3. Plaintiff **NATOKA CASEY** is an individual who resides in Knox County, Tennessee.

4. Defendant **WAL-MART STORES TEXAS LLC. dba WALMART SUPERCENTER #217** is a corporation registered in Texas and having a principle place of business at 702 SW 8th St. Bentonville, AR 72716 and operating a location at 801 W. Main St. Lewisville, TX 75067.

Defendant may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201. **Issuance Of Citation Is Requested.**

### D.  JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Venue is proper in Denton County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

7. The Court has jurisdiction over Defendant because they are conducting business in this County and State. The venue of this case is proper in Denton County because it is where the underlying events that led to this lawsuit occurred. The amount of damages sought are within this Court's jurisdictional limits. Plaintiff seeks monetary damages of more than $250,000.00 but less than $1,000,000.00.

### E.  FACTS

8. On or about August 06, 2022, Plaintiff **NATOKA CASEY** was shopping at the Wal-Mart store located at 801 W. Main St. Lewisville, in Denton County, Texas at Defendant's invitation. While Plaintiff was shopping in Defendant's store, she slipped and fell due to a liquid substance on the ground. Plaintiff suffered significant bodily injuries as a result of the fall.

9. The occurrence causing injury to Plaintiff was not caused in any way by Plaintiff's fault, carelessness, inattentiveness, or negligence.

### F.  PREMISES LIABILITY

10. At all times mentioned herein and at the time of the incident described above, Plaintiff was an invitee at the place of business located at 801 W. Main St. Lewisville, TX 75067, and was there as a consumer.

11. At all times mentioned herein, Defendant owned, controlled and/or possessed the premises located at 801 W. Main St. Lewisville, TX 75067, on the date of the accident. Plaintiff entered the premises in response to Defendant's invitation and for their mutual benefit as a business.

12.     A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, the liquid substance on the ground that caused Plaintiff to fall. Defendant knew or reasonably should have known of the dangerous condition within the premises. The liquid substance on the ground posed an unreasonable risk of harm to Plaintiff and others visiting the business. The liquid substance left on the ground caused Plaintiff to slip and fall and thus injuring Plaintiff.

13.     Defendant owed Plaintiff a duty to exercise ordinary care in the ownership, possession, control, maintenance and use of the premises to reduce or eliminate the unreasonable risk of harm created by the condition (liquid substance on the ground) at the premises, which Defendant knew or in the exercise of ordinary care should have known posed a risk of harm to Plaintiff and others. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.

14.     This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by:

    a.  Failing to properly inspect and maintain the premises in question to discover the dangerous condition;
    b.  Failing to exercise ordinary care in maintaining the premises in a reasonably safe condition;
    c.  Failing to exercise reasonable care to reduce or eliminate the risk to invitees, such as the Plaintiff, of unreasonably dangerous conditions;
    d.  Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the area;
    e.  Failing to warn invitees, such as the Plaintiff, of the unreasonably dangerous condition;
    f.  Creating and causing an unreasonably dangerous condition to exist on the subject premises;
    g.  Failing to properly supervise and ensure the premises is free of unsafe conditions;
    h.  Failing to use reasonable care in supervising their employees to ensure they are competent in locating, cleaning, preventing, removing and/or warning of unreasonably dangerous conditions;
    i.  Failing to adequately train its agents, servants, representatives and/or employees;
    j.  Failing to properly supervise its agents, servants, representatives and/or employees;
    k.  Failing to discover and remove the liquid substance within a reasonable amount of time causing Plaintiff's slip and fall;
    l.  Failing to correct or warn Plaintiff of a hazardous and unreasonably dangerous condition that it knew or should have known existed;
    m.  Failing to recognize and correct a dangerous condition.
    n.  Failing to adequately warn Plaintiff of the dangerous condition posed by the liquid substance on the ground;
    o.  Failing to do anything to reduce or eliminate the hazard posed by the liquid

        substance on the ground; and

   p.      All other acts and omissions to be shown during discovery or at time of trial.

15. Each of these acts and omissions, singularly, or in combination with others, constituted negligence which proximately caused the occurrence made the basis of Plaintiff's injuries and the damages claimed herein.

### G. RESPONDEAT SUPERIOR

16. At all times material to this petition, the personnel and staff at the premises at issue were employees, agents, servants, and/or representatives of Defendant. The acts of the employees were within the course and scope of employment with the Defendant. The Defendant is liable for the negligent acts and omissions of their agents, employees and servants, and representatives under the doctrine of vicarious liability or respondeat superior.

17. Plaintiff seeks damages within the jurisdictional limits of this Court.

### H. NEGLIGENCE OF DEFENDANT

18. Plaintiff incorporates by reference the preceding paragraphs as if stated fully herein.

19. Defendant is the owner, operator, and/or possessor of the premises.

20. At the time of the Plaintiff was an invitee to whom Defendant owed a duty to exercise ordinary care.

21. Plaintiff's injuries were the direct and contemporaneous result of Defendant's ongoing negligent activity on the premises at the time of the injuries and damages sustained.

22. Defendant owed Plaintiff a legal duty to safety and ensure that employees are necessarily hired, trained, supervised, and terminated in order to maintain a safe environment for customers, such as Plaintiff, by not conducting activities during business hours that cause dangerous conditions, such as the liquid substance on the ground, to be left and unattended on the ground where customers such as Plaintiff can fall.

23. Such negligent activity on the part of the Defendant proximately caused the injuries and other damages suffered by Plaintiff.

### I. DAMAGES

24. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

    a. Medical expenses in the past and future.
    b. Physical pain and suffering in the past and future.
    c. Mental anguish in the past and future.
    d. Loss of enjoyment of life in the past and future.
    e. Disfigurement in the past and future.
    f. Physical impairment in the past and future.
    g. Lost wages and/or loss of earning capacity in the past and future.
    h. Loss of convenience when forced to seek medical treatment.
    i. Loss of enjoyment of life.
    j. Loss of household services in the past, present, and future.
    k. Pre-judgment interest and post-judgment interest. TEXAS FINANCE CODE §304.001, et seq., and any other applicable law.

25. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## J. AGGRAVATION

26. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease, and/or condition at the time of The Crash made the basis of this lawsuit, then such injury, disease, and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## K. U.S. LIFE TABLES

27. Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that the Honorable Court take judicial notice of those regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## L. TEXAS RULES OF EVIDENCE 609(F) REQUEST

28. Plaintiff requests, pursuant to Texas Rules of Evidence 609(f), that Defendant give Plaintiff sufficient advanced written notice of Defendant's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## M. T.R.C.P. 193.7 NOTICE OF SELF AUTHENTICATION

29. Plaintiff hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiff's intent to utilize against the party producing same any document produced in response to written discovery served by this Plaintiff, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## N. DESIGNATED E-SERVICE EMAIL ADDRESS

30. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: E-Service@KTCLAWFIRM.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## O. MISNOMER, ALTER-EGO, ASSUMED NAME

31. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to property identify the Defendant herein.

32. In the event any parties are misnamed and/or not included herein, it is Plaintiff's contention that such a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Under Plaintiff's information and belief, such parties knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity, and knew or had reason to know what event, action, and/or omission caused suit to be filed. Consequently, the parties had sufficient time to gather the necessary witnesses and evidence to defeat Plaintiff's cause of action. As a result, the Plaintiff alternatively contends that such "corporate veils" should be pierced to hold such parties properly in the interest of justice.

## P. PRAYER

33. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Actual damages.
b. Prejudgment and post judgment interest.
c. Court costs.
d. All other relief to which Plaintiff is entitled.

Respectfully Submitted,

**The Law Offices of Kelly T. Curran**

BY: _/s/ M. Ashley_____
MILDRED ASHLEY
State Bar No. 24091551
Midtown Office Center
5720 LBJ Fwy., Ste. 440
Dallas, Texas 75240
Phone   (469) 730-3007
Fax       (469) 458-2993
E-serve   ktclawfirm@gmail.com
**ATTORNEY FOR PLAINTIFF**